Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Shani Talibah McShay** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |

United States Bankruptcy Court for the **NORTHERN DISTRICT OF GEORGIA**

Case number: **25-41593**
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.
2.1; 3.3; 9.1.

## Chapter 13 Plan

**NOTE:**     **The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 41-2020, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 41-2020 as it may from time to time be amended or superseded.**

| Part 1: | Notices |
|---|---|

**To Debtor(s):**     This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**     **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan, except 1.4.*

| | | | |
|---|---|---|---|
| § 1.1 | **A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2** | ☐ Included | ☑ Not Included |
| § 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4** | ☑ Included | ☐ Not Included |
| § 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not Included |
| § 1.4 | **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.** | ☐ Included | ☑ Not Included |

| Part 2: | Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims |
|---|---|

**§ 2.1     Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

| Debtor | **Shani Talibah McShay** | Case number | **25-41593** |
|---|---|---|---|

*Check one:*   ☐ 36 months   ☑ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay **$620.00** per <u>month</u> for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☑ The amount of the Regular Payment will change as follows *(If  this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

| Beginning on *(insert date)* | The Regular Payment amount will change to *(insert amount):* | For the following reason *(insert reason for change):* |
|---|---|---|
| **May 13, 2026** | **$0.00** | **Debtor's health problems have flared up recently, which has reduced her ability to work. She will have surgery on June 22, 2026, which will temporarily decrease her ability to work even further.** |
| **August 13, 2026** | **280.00** | **To reflect amendment to Debtor's budget.** |

**§ 2.2   Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply:*

☐   Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☑   Debtor(s) will make payments directly to the trustee.

☐   Other (specify method of payment):

**§ 2.3   Income tax refunds.**

*Check one.*

☑   Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐   Debtor(s) will (1) supply the trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period for tax years _____, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐   Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

**§ 2.4   Additional Payments.**

*Check one.*

☑   **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5   [Intentionally omitted.]**

**§ 2.6   Disbursement of funds by trustee to holders of allowed claims.**

| Debtor | **Shani Talibah McShay** | Case number | **25-41593** |

**The trustee shall disburse funds in accordance with General Order No. 41-2020. (www.ganb.uscourts.gov/local-rules-and-orders)**

| Part 3: | **Treatment of Secured Claims** |

**§ 3.1**   **Maintenance of payments and cure of default, if any.**

*Check one.*

☑   **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**§ 3.2**   **Request for valuation of security and modification of certain undersecured claims.**

☑   **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**§ 3.3**   **Secured claims to be paid in full.**

*Check one.*

☐   **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑   The claims listed below will be paid in full under the plan. Reasons for payment in full may include:

(1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

(3) the value of the collateral exceeds the anticipated claim; or

(4) the claim listed shall be paid in full because the claim is cosigned; or

(5) the claim shall be paid in full because the debtor is not entitled to a discharge.
These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment.*

The holder of any claim listed below will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Collateral | Purchase date | Estimated amount of claim | Interest rate | Monthly preconfirmation adequate protection payment | Monthly postconfirmation payment to creditor by trustee |
|---|---|---|---|---|---|---|
| GM Financial | 2015 Mercedes-Benz C300 140000 miles | 5/12/2018 | $3,963.88 | 8.25% | $40.00 | $84.00 stepping to $403.00 in January 2027 |

**§ 3.4**   **Lien avoidance**.

*Check one.*

☐   **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
   *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

Debtor      **Shani Talibah McShay**                              Case number      **25-41593**

☑ The judicial liens and/or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless the Bankruptcy Court orders otherwise, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the claim secured by the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the claim secured by the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan to the extent allowed. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Name of creditor<br>**Mark & Wendy Sheldon** | Description of judicial lien or security interest<br>**Judgment Lien** | Description of property subject to judicial lien or security interest<br>**All real & personal property** | Amount of lien or security interest<br>**5,006.00** |
|---|---|---|---|
| Amount avoided and treated as unsecured claim<br>**5,006.00** | Amount of remaining secured claim, if any<br>**0.00** | Interest rate, if applicable<br>**0.00**% | Monthly payment on secured claim, if applicable<br>**0.00** |

### § 3.5    Surrender of collateral.

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### § 3.6    Other Allowed Secured Claims.

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of __**8.25**__ %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Part 4: | Treatment of Fees and Priority Claims |
|---|---|

### § 4.1    General.

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

### § 4.2    Trustee's fees.

Trustee's fees are governed by statute and may change during the course of the case.

### § 4.3    Attorney's fees.

Debtor    **Shani Talibah McShay**                    Case number    **25-41593**

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are **$5,500.00**    . The allowance and payment of the fees, including the award of additional fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 42-2020 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) From the first disbursement after confirmation, the attorney will receive payment under the Chapter 13 Attorney's Fees Order up to the allowed amount set forth in § 4.3(a)

(d) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $__**300.00**__ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in the Chapter 13 Attorney's Fees Order until all allowed amounts are paid in full.

(e) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $__**$2,500.00**__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(f) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $__**$2,500.00**__, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney

(g) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(h) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

**§ 4.4    Priority claims other than attorney's fees.**

☐    **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐    The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all post-petition domestic support obligations directly to the holder of the claim.

| Name and address of creditor | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|
| **-NONE-** | | | |
| | | $ | $ |

☑    The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| Name of creditor | Estimated amount of claim |
|---|---|
| **Georgia Department of Revenue** | $**0.00** |
| **Internal Revenue Service** | $**0.00** |

Part 5:    **Treatment of Nonpriority Unsecured Claims**

**§ 5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

| Debtor | **Shani Talibah McShay** | Case number | **25-41593** |

☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑ 100% of the total amount of these claims.

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2**    **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑      **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3**    **Other separately classified nonpriority unsecured claims.**

*Check one.*

☑      **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | **Executory Contracts and Unexpired Leases** |

**§ 6.1**    **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

*Check one.*

☐      **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
☑      **Assumed items.** Current installment payments will be disbursed directly by the debtor(s). Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor: | Description of leased property or executory contract | Estimated amount of arrearage | Monthly postconfirmation payment to cure arrearage |
|---|---|---|---|
| **IH3 Property Georgia** | **Residential Lease** | $**0.00** | $**0.00** |

| Part 7: | **Vesting of Property of the Estate** |

**§ 7.1**    **Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

| Part 8: | **Nonstandard Plan Provisions** |

**§ 8.1**    **Check "None" or List Nonstandard Plan Provisions.**

☐      **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3. (Insert additional lines if needed.)***

**For the duration of the Chapter 13 bankruptcy case, Debtor will set aside self-employment taxes in a savings account solely dedicated for that purpose.**

**As a long term debt, Debtor will continue to pay student loans outside of the plan as they come due and will not fund these claims through the plan.**

U.S. Bankruptcy Court, N.D. Ga. Chapter 13 Plan Form (December 2020), Version 1.4                      Page 6 of 7

Debtor      **Shani Talibah McShay**                          Case number      **25-41593**

---

| Part 9: | **Signatures:** |

**§ 9.1     Signatures of Debtor(s) and Attorney for Debtor(s).**

The debtor(s) must sign the initial plan and, if not represented by an attorney, any modification of the plan, below. The attorney for the debtor(s), if any, must sign below.

X _____                X _____
**Shani Talibah McShay**                                      Signature of debtor 2 executed on    _____
Signature of debtor 1 executed on     _____

**113 Fate Ct**
**Dallas, GA 30157**                                          _____
Address                        City, State, ZIP code          Address                      City, State, ZIP code

X **/s/ Kevin Grindlay**                              Date:  **June 9, 2026** _____
**Kevin Grindlay 350009**
Signature of attorney for debtor(s)

**Burrow & Associates, LLC**                               **2280 Satellite Blvd.**
                                                           **Bldg. A, Suite 100**
                                                           **Duluth, GA 30097**
_____                     _____
Firm                                                       Address                      City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| SHANI TALIBAH MCSHAY, | ) | |
| | ) | CASE NO. 25-41593-BEM |
| Debtor. | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that I have this day served the within and foregoing Chapter 13 Pre-confirmation Plan Modification by depositing same in the United States mail, properly addressed as follows:

K. Edward Safir
Standing Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave NE
Atlanta, GA 30303

Shani Talibah McShay
113 Fate Ct
Dallas, GA  30157

TitleMax of Georgia, Inc.
Attn: Lori Mobley
2312 E Trinity Mills Rd, Ste 100
Carrollton, TX 75006

All parties on attached mailing matrix

This  9th  day of  June , 2026.

Respectfully Submitted by,
BURROW & ASSOCIATES, LLC

_____/s/_____
Kevin Grindlay
Attorney for the Debtor
Georgia Bar No. 350009
2280 Satellite Blvd.
Bldg. A, Suite 100
Duluth, Georgia 30097
(678) 942-8640
bankruptcy@legalatlanta.com

Label Matrix for local noticing
113E-4
Case 25-41593-bem
Northern District of Georgia
Rome
Tue Jun  9 09:24:10 EDT 2026

(p)1ST FRANKLIN FINANCIAL CORPORATION
PO BOX 880
TOCCOA GA 30577-0880

AmeriCredit Financial Services, Inc. DBA GM
P O Box 183853
Arlington, TX 76096-3853

Michael F. Burrow
Burrow & Associates, LLC
Building A, Suite 100
2280 Satellite Blvd.
Duluth, GA 30097-5000

CCI/Contract Callers Inc
Attn: Bankruptcy Dept
501 Greene St, 3rd Floor, Suite 302
Augusta, GA 30901-4415

Comenitybank/New York
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218-2125

Department of Education
P. O. Box 740283
Atlanta, GA 30374-0283

Fareed LLC
2345 Greythorne Commons
Douglasville, GA 30135-8104

Fareed, LLC
Weinstein & Black, LLC
3050 Amwiler Rd., Ste 200-C
Atlanta, GA 30360-2835

Fingerhut
Attn: Bankruptcy
6250 Ridgewood Road
Saint Cloud, MN 56303-0820

GM Financial
Attn Bankruptcy
PO Box 183853
Arlington, TX 76096-3853

(p)GEORGIA DEPARTMENT OF REVENUE
BANKRUPTCY
2595 CENTURY PKWY NE SUITE 339
ATLANTA GA 30345-3173

Sonya Buckley Gordon
K. Edward Safir, Standing Chapter 13 Tru
Suite 1600
285 Peachtree Center Ave, NE
Atlanta, GA 30303-1100

Kevin Grindlay
Burrow & Associates, LLC
Bldg. A Suite 100
2280 Satellite Blvd
Duluth, GA 30097-5000

IH3 Property Georgia
C/O Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, GA 30092-2865

IH3 Property Georgia
C/O Ryan LLC
P.O. Box 4900
Scottsdale, AZ 85261-4900

IH3 Property Georgia LP
The Totten Firm
5579 Chamblee-Dunwoody Rd
Ste B-136
Atlanta, GA 30350 United States 30338-4154

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Mark & Wendy Sheldon
73 Old Burnt Hickory Rd.
Acworth, GA 30101-8691

Shani Talibah McShay
113 Fayett Ct
Dallas, GA 30157

Midland Credit Management
8875 Aero Drive
Suite 200
San Diego, CA 92123-2255

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090-2037

NetCredit
NetCredit Customer Support Team, Attn: B
175 W. Jackson Blvd., Suite 600
Chicago, IL 60604-2948

Online Collections
Attn: Bankruptcy
Po Box 1489
Winterville, NC 28590-1489

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

K. Edward Safir
Standing Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave. NE
Atlanta, GA 30303-1100

(p)TMX FINANCE LLC FORMERLY TITLEMAX
15 BULL STREET
SUITE 200
SAVANNAH GA 31401-2686

Titlemax of Georgia, Inc.
2312 E Trinity Mills Rd, Ste 100
Carrollton TX 75006-1955

Matthew Franklin Totten
The Totten Firm, LLC
5579 Chamblee Dunwoody Rd
Ste B-136
Atlanta, GA 30338-4154

Transworld System Inc
Attn: Bankruptcy
Po Box 15618
Wilmington, DE 19850-5618

US Department of Education
P O Box 16448
St Paul, MN  55116-0448

USAA Federal Savings Bank
Attn: Bankruptcy
9800 Fredericksburg Road
San Antonio, TX 78288-0002

United States Attorney
Northern District of Georgia
75 Ted Turner Drive SW, Suite 600
Atlanta GA 30303-3309


Michael B. Weinstein
Weinstein & Black, LLC
3050 Amwiler Road, Suite 200-C
Atlanta, GA 30360-2835

Wells Fargo Bank NA
Attn: Bankruptcy
P.O.Box 393
Minneapolis, MN 55480-0393

Wells Fargo Bank, N.A., Wells Fargo Card Ser
PO Box 10438, MAC F8235-02F
Des Moines, IA 50306-0438


          The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
          by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


1st Franklin
Attn: Bankruptcy
135 E. Tugalo Street
Toccoa, GA 30577

Georgia Department of Revenue
Bankruptcy
2595 Century Parkway NE, Suite 339
Atlanta, GA 30345

PORTFOLIO RECOVERY ASSOCIATES, LLC
POB 41067
Norfolk, VA 23541


(d)Portfolio Recovery Associates, LLC
Attn: Bankruptcy
120 Corporate Boulevard
Norfolk, VA 23502

TitleMax
15 Bull Street
Suite 200
Savannah, GA 31401


          The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)AmeriCredit Financial Services, Inc. dba G
P O Box 183853
Arlington, TX 76096-3853

End of Label Matrix
Mailable recipients    35
Bypassed recipients     1
Total                  36